(885 P.2d 400)
No. 71,126

In the Matter of the Marriage of MICHAEL A. BOCK, *Appellant*, and JANE BOCK, *Appellee*.

—

Opinion filed December 2, 1994.

*Gerald N. Jeserich*, of Boal and Jeserich, of Kansas City, for the appellant.

*Janet S. Ensign*, of Mission, for the appellee.

Before BRISCOE, C.J., GERNON, J., and ROBERT H. MILLER, Chief Justice Retired, assigned.

BRISCOE, C.J.: Michael Bock appeals a hearing officer's order granting Jane Bock an increase in child support. He contends the hearing officer erred in awarding an increase in child support in the absence of a showing of financial need by Jane, the custodial parent. This court is without jurisdiction to consider an appeal from an order entered by a hearing officer which was not first reviewed by the district court. We dismiss this appeal for lack of jurisdiction.

The Bocks were divorced in 1992 and Jane was awarded custody of the parties' three minor children. In 1993, Jane sought an increase in child support and a hearing officer granted the increase. Michael moved the district court to set aside the order, citing newly discovered evidence. The district court granted the motion and remanded the matter to the hearing officer for reconsideration in light of "the facts contained in certain correspondence sent from the Respondent to the Petitioner." The hearing officer reinstated the original increase in support, and the

district court approved this order. Following the hearing officer's reinstatement of its order increasing child support, Michael did not seek judicial review of the hearing officer's order under Supreme Court Rule 172(g) (1993 Kan. Ct. R. Annot. 149), but appealed directly to this court.

Rule 172 provides that district judges, district magistrate judges, and court trustees may serve as hearing officers in domestic relations matters within the scope of Rule 172. Subsection (b)(5) provides that "orders proposed by court trustees shall be approved by a judge before the order is issued," while subsection (g) provides that decisions of court trustees and magistrate judges "shall be subject to review by an associate district judge or district judge on the motion of any party filed within 10 days after the order was entered." K.S.A. 1993 Supp. 60-2101(a) provides that this court "shall have jurisdiction to hear appeals from district courts, except in those cases reviewable by law in the district court."

In this case, the order was proposed by a hearing officer who is not a judge. The proposed order was approved by a judge, but was not reviewed by the district court pursuant to Rule 172(g). In the absence of a review of the hearing officer's order by the district court, this court is without jurisdiction to consider this appeal from the hearing officer's order. K.S.A. 1993 Supp. 60-2101(a).

Appeal dismissed.